## GEORGE REIM v. STATE.

No. A-6595.   Opinion Filed August 31, 1929.

(280 Pac. 627.)

Paul Haunstein and J. B. Drennan, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was informed against, charged with unlawfully and wrongfully selling, exchanging, and delivering, and otherwise furnishing, one-half gallon of intoxicating liquor, to wit, whisky, to one Charles Peare, at the price and sum of $5, and was convicted and sentenced to pay a fine of $300 and imprisoned in the county jail for 40 days.   From the judgment and sentence, the defendant has appealed to this court.

Charles Peare and Ed Heiland, witnesses on behalf of the state, testified they went to defendant's home and wanted to get some whisky.   The defendant told them he had some whisky, but would not sell it, but finally did sell one-half gallon of whisky, for which Charles Peare

paid $5. The witnesses further stated they asked the defendant if they could get a gallon the next evening, and he told them they could. The witnesses admitted the sheriff of the county gave them the money to go to defendant's house and try to buy whisky from the defendant. Both Peare and Heiland testified that Peare bought the whisky from the defendant for $5. The witnesses denied they approached the defendant and told him that the wife of one of the witnesses was sick, and they wanted to get some whisky, and would return it the next day.

The defendant testified that the witnesses came to his house and wanted to get some whisky, and told him that the wife of one of the witnesses was sick and needed it very badly, and he agreed to let them have some, but that he did not sell them any whisky, and did not agree to sell them any. Other witnesses were called by the defendant, who testified to defendant's previous good character, and to parts of the conversation that took place between the defendant and the state witnesses on the night the parties secured the whisky. This is in substance all the testimony in the case.

The defendant has assigned several errors, alleged to have been committed by the court in the trial of the case, but in the view we take of this record we do not deem it necessary to consider them. It is urged by the defendant in this case that he parted with the possession of the whisky he let the state witnesses have, upon a representation that the wife of one of them was sick and they needed some whisky, and he parted with the whisky upon this representation, believing that the wife was ill and was in need of a stimulant. It is also urged by the defendant that the inducement used by the officers was unjustifiable, and not the proper conduct of officers who desired

to see the law enforced. If the testimony of the defend-
ant in this case is to be believed, the deputies went to
defendant's home for the purpose of intending to entrap
the defendant and inducing him to violate the law, and
if the officers made the representations to the defendant
he claims they did make, then they were making false
statements in order to induce the defendant to violate
the laws.

It has been held by many courts that decoys are per-
missible to entrap criminals, but not to create them; to
present opportunities to those having intent to, or will-
ing to, commit crime, but not to ensnare the law-abiding
in unconscious offending. The manner used in this case
of procuring evidence and instituting prosecution against
the citizenship of the state, and inducing them to com-
mit crime, is to be deplored. While it is eminently proper
that officers should show diligence in ferreting out crime
and violations of the law, yet it does not occur to us that
the theory of the law is predicated upon the idea that
parties should be deceived, and misrepresentations made
to them, in order to induce them to violate the law, in
order that a prosecution may be brought about. The
machinery of the state should be put into operation to de-
tect and punish crime, but not to organize and institute
it. The prevention of crime is one of the main purposes
of our laws, not its encouragement of propagation.

The testimony in this case is sufficient to sustain the
verdict of the jury. Without discussing the errors as-
signed by the defendant, we hold they are not of sufficient
merit, in view of the testimony in this case, to warrant
a reversal; but, in view of the facts stated in the record,
that the sheriff provided the deputies with money to go
to this defendant's home to solicit him to let them have

whisky, we feel that a modification of the judgment from 40 days' imprisonment and $300 fine to imprisonment in the county jail for 30 days and $100 fine would be proper, and the judgment, as modified, is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.